## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

JEFFERY CUNMULAJ,
JAIME CUNMULAJ,
Husband and Wife, and
J.C. PYROTECHNICS, INC.,
a Michigan Corporation,

     Plaintiffs,

v.

SCOTT HOPE, an individual,                     `
MATTHEW MILLER, an individual,
GREAT LAKES CIVIL SERVICES, INC.,
a Michigan Corporation,
SCOTT HOPE EXECUTION TRUST,
A Michigan trust,
PETERSON TOWING INC.,
a Michigan Corporation,
WEXFORD COUNTY SHERIFF'S OFFICE,
A municipal agency,
DEPUTY ALEXIS HOWARD,
In her official capacity,

     Defendants.

CASE NO.

HON.

**COMPLAINT &
JURY DEMAND**

James E. R. Fifelski (P65148)
Attorney for All Plaintiffs
2723 S. State St., Suite 150
Ann Arbor, MI 48104
734-726-0225
james@annarborslawyer.com

*A civil action between the parties arising out of the transaction(s) or occurrence(s)
alleged in this Complaint was previously filed in the 28th Circuit Court, State of
Michigan, Case number 24-31438-NO, then transferred to 44th Circuit Court, Case
Number 24-32410-NO, where it was dismissed without prejudice on May 22, 2025.*

## COMPLAINT & JURY DEMAND

NOW COME Plaintiffs, JEFFERY CUNMULAJ, JAIME CUNMULAJ, and J.C. PYROTECHNICS, INC, by and through their attorney, James E. R. Fifelski, and complaining of Defendants state the following:

-JURISDICTION & VENUE-

1.      Plaintiff JEFFERY CUNMULAJ is an individual who resides in Cadillac, Wexford County, Michigan.

2.      Plaintiff JAIME CUNMULAJ is an individual who resides in Cadillac, Wexford County, Michigan.

3.      Plaintiff J.C. PYROTECHNICS, INC., is a Michigan corporation with its registered office located in Cadillac, Wexford County, Michigan.

4.      Defendant SCOTT HOPE, (hereinafter identified as "Defendant 1"), is an individual who resides in Burton, Michigan and regularly conducts business in Wexford County, Michigan,

5.      Defendant MATTHEW MILLER, (hereinafter identified as "Defendant 2"), is an individual who resides in Burton, Michigan and regularly conducts business in Wexford County, Michigan.

6.      Defendant GREAT LAKES CIVIL SERVICES, INC., (hereinafter identified as "Defendant 3"), is Michigan Corporation with its registered office located in Burton, Michigan and regularly conducts business in Wexford County, Michigan.

7.      Defendant SCOTT HOPE EXECUTION TRUST, (hereinafter identified as "Defendant 4"), is a Michigan trust with its office located in Burton, Michigan, which is operated by Trustee Scott Hope.

8.      Defendant PETERSON TOWING INC., (hereinafter identified as "Defendant 5"), is a Michigan corporation with its registered office located in Wexford County, Michigan.

9.      Defendant WEXFORD COUNTY SHERIFF'S OFFICE, (hereinafter identified as "Defendant 6"), is a Michigan municipal agency with its headquarters located in Wexford County, Michigan.

10.     Defendant ALEXIS HOWARD, (hereinafter identified as "Defendant 7"), was a deputy at the Wexford County Sheriff's Office at all relevant times in Wexford County, Michigan.

11.     The wrongful acts and injuries giving rise to this Complaint occurred in and around Wexford County, Michigan.

12.     This Court has jurisdiction over the subject matter hereof and the parties hereto for civil rights violations pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985, the First Amendment to the United States Constitution, the Fourth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution.

13.     This Court also has supplemental jurisdiction over related state claims pursuant to 28 U.S.C. §1367.

14.     Under 28 U.S.C. §1391(b), venue is proper in any federal district in which any Defendant resides, if all Defendants are residents of the State in which the district is located, and where "a substantial part of the events . . . giving rise to the claim occurred…."

15.     Accordingly, venue is proper in the U.S. District Court, Western District of Michigan for these claims.

## -GENERAL ALLEGATIONS-

16.     Plaintiffs incorporate by reference paragraphs 1 through 15 as though fully realleged.

17.     Third-Party Wayne Seekely, through his legal counsel in State of Michigan 44th Circuit Court Case No. 20-30698-CB, previously obtained an *Order to Seize Property* of Plaintiff Jeffery Cunmulaj on or about February 23, 2023.

18.     Defendant Scott Hope endorsed the *Order to Seize Property* on March 10, 2023, which became the effective date of the Order.

19.     The Order to Seize Property provided that "You must return this order not less than 20 days, nor more than 90 days, from the effective date."

20.     "Executions shall be made returnable not less than 20, nor more than 90, days from that date." MCL 600.6002(2).

21.     Defendant Scott Hope, in concert with Defendant Matthew Miller, holding themselves out to plaintiffs as state court officers, both individually and/or as agents of Defendant Great Lakes Civil Services, Inc. and Defendant Scott Hope Execution Trust, wrongfully seized personal property that belonged to parties not subject to the *Order to Seize Property* on or about May 18, 2023 and July 19, 2023, including property that was lawfully owned and/or possessed by Plaintiffs Jaime Cunmulaj and J.C. Pyrotechnics, Inc.

22.    Defendants wrongfully converted said personal property owned and/or possessed by Plaintiffs Jaime Cunmulaj and J.C. Pyrotechnics in an egregious, oppressive manner.

23.    Defendants also wrongfully seized personal property from Plaintiff Jeffery Cunmulaj on July 19, 2023, after the *Order to Seize Property* expired.

24.    Defendant Peterson Towing, Inc. wrongfully assisted Defendants 1-4 in their efforts to seize Plaintiffs' personal property, despite having knowledge that the *Order to Seize Property* had expired prior to July 19, 2023, or recklessly disregarding that fact, and despite having knowledge that the Order was only directed at Plaintiff Jeffery Cunmulaj, in an effort to improperly charge Plaintiffs for towing and storage fees to its own benefit.

25.    Defendant Wexford County Sheriff's Office, by and through, Defendant Deputy Alexis Howard, also wrongfully assisted Defendants 1-4 in their efforts to seize Plaintiffs' personal property, despite having knowledge that the *Order to Seize Property* had expired prior to July 19, 2023, or recklessly disregarding that fact, and despite having knowledge that the Order was only directed at Plaintiff Jeffery Cunmulaj, thereby depriving Plaintiffs' of their civil and constitutional rights under color of state law.

26.    Many of the items wrongfully converted by Defendants were owned by innocent third-parties, including but not limited to, Plaintiff Jaime Cunmulaj, and Plaintiff J.C. Pyrotechnics, Inc., in complete disregard for their civil rights and property rights.

27.     On or about May 18, 2023, and July 19, 2023, Defendants 1-4 used egregious, oppressive, and threatening methods to place Plaintiffs in fear for their personal safety and to cause Plaintiffs severe emotional distress while cajoling Plaintiffs to give up their lawful property rights.

28.     In addition to Defendants Scott Hope, Matthew Miller, Great Lakes Civil Services, Inc, and Scott Hope Execution Trust seizing and wrongfully converting a significant amount of Plaintiffs' personal property items to their own unlawful use without legal authority, such as, but not limited to, many business and house keys, a knife and a case, credit cards, tools, tow hitches, tool box, prescription eye glasses, ammunition and gun clip, and two hand gun cases, these Defendants also converted Plaintiffs' Jaime Cunmulaj and J.C. Pyrotechnics, Inc.'s vehicles, business records, receipts, check stubs, and employee records, among other things, in a blatant disregard of plaintiffs constitutional rights and property rights.

29.     These same Defendants also wrongfully prevented an employee of Plaintiff J.C. Pyrotechnics, Inc., who was visiting Plaintiffs Jeffery and Jaime Cunmulaj's home, from getting into his own vehicle to drive off the premises during Defendants' egregious seizure operation on July 19, 2023, and then either Defendant Scott Hope or Matthew Miller took control of that individual's vehicle without the owner's consent and drove it 20+ feet away to another location in an effort to further harass Plaintiffs and their friends, all in violation of his constitutional rights.

30.     These same Defendants also entered the business premise of Plaintiff JC Pyrotechnics, Inc., under false pretenses and under color of state law, without consent or a search warrant, on three separate occasions on or about July 19, 2023, to conduct unlawful searches and seizures and falsely imprison the staff members of Plaintiff J.C. Pyrotechnics, Inc., all of which violated the civil and constitutional rights of Plaintiff JC Pyrotechnics, Inc. and its employees.

31.     Defendants acted brazenly and intentionally, or with reckless disregard for the constitutional and civil rights of Plaintiff J.C. Pyrotechnics, Inc, and its staff members, one of whom was caring for her 7-month old baby when these Defendants subjected her to false imprisonment, harassment and intense questioning, and ordered her to let them search the business premise without consent or a warrant, while also ordering her to move her baby's play pen to search around the business premise in that area which woke the baby up from her nap and otherwise caused the staff and ownership of J.C. Pyrotechnics, Inc. severe emotional distress.

32.     Defendants 1 and/or 2 later visited and banged on the door of the home of another employee of Plaintiff JC Pyrotechnics, Inc., and upon information and belief, disabled that individual's outdoor video surveillance system to urinate on his porch and cause property damage, all in Defendants' systemic effort to threaten and harass innocent third-parties known by Plaintiffs in violation of their constitutional and civil rights.

33.     At various relevant times, Defendants Scott Hope and Matthew Miller asserted their claims to seize third-parties personal property and enter the private real property of Plaintiffs under color of state law as "state court officers", but without lawful authority to do so, in violation of Plaintiffs' clearly established constitutional rights.

34.     State court officers are subject to the constitutional restrictions of both federal and Michigan constitutions which protect citizens from unreasonable searches and seizures conducted without a warrant, protect against the seizure of property without due process of law, and provide for equal protection under the law for all citizens regardless of gender. U.S. Const. Amend. IV; U.S. Const. Amend. XIV; MI Const. Art. I, §11; MI Const. Art. I, §17.

35.     Defendants 1-4 also engaged in wrongful stalking, harassing behavior that violated the legal and civil rights of Plaintiffs under both federal and state law, and which caused Plaintiffs severe emotional distress.

36.     All of the named Defendants have engaged in fraudulent, excessive, tortious activity toward Plaintiffs in violation of their clearly held civil, legal, and constitutional rights which has caused, and continues to cause, severe emotional distress, economic damages, and other consequential and damages, including costs and attorney fees.

## -COUNT I: VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983)

## (Defendants 1, 2, 6, 7)

37.    Plaintiffs incorporate by reference paragraphs 1 through 36 as though fully realleged herein.

38.    By engaging in the conduct noted above in paragraphs 1 through 36, Defendants Scott Hope, Matthew Miller, Wexford County Sheriff's Office, and Deputy Alexis Howard deprived Plaintiffs of clearly established constitutional and civil rights, including *inter alia*: (a) the right to be free from unreasonable searches and seizures pursuant to the 4th Amendment to the United States Constitution and Michigan Constitution of 1963, Article 1, §11; (b) the right to not be deprived of life, liberty, or property without due process of law pursuant to the 14th Amendment to the United States Constitution and Michigan Constitution of 1963, Article 1, §17; (c) the right not to be denied the equal protection of the laws pursuant to the 14th Amendment to the United State Constitution and Michigan Constitution of 1963, Article I, §2; (d) the right to freedom of speech without retaliation pursuant to the 1st Amendment to the United States Constitution and Michigan Constitution of 1963, Article I, § 5; and (e) the right to peaceably assemble pursuant to the 1st Amendment to the United States Constitution and Michigan Constitution of 1963, Article I, § 3.

39.    Defendants Scott Hope and Matthew Miller acted under color of state law as "state court officers" at all relevant times pursuant to the Court's *Order to Seize Property* issued on February 13, 2023.

40.    Defendants Wexford County Sheriff's Office and Alexis Howard acted under color of state law at all relevant times as state authorized sheriff's office and state licensed police officer.

41.    Defendants 1, 2, 6, and 7 thereby violated Plaintiffs' civil rights under 42 U.S.C. § 1983, causing Plaintiffs substantial damages, costs, and attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against Defendants 1-2, 6-7, jointly and severally, in an amount exceeding $75,000.00 for damages sustained as a result of these Defendants' wrongful conduct, including costs, interest, and reasonable attorney fees.

## -COUNT II: VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1985)
## (All Defendants)

42.    Plaintiffs incorporate by reference paragraphs 1 through 41 as though fully realleged herein.

43.    By engaging in the conduct noted above in paragraphs 1 through 41, all of the named Defendants conspired together for the purpose of depriving Plaintiffs of the equal protection of the laws, including but not limited to: (a) the right to be free from unreasonable searches and seizures pursuant to the 4th Amendment to the United States Constitution and Michigan Constitution of 1963, Article 1, §11; (b) the right to not be deprived of life, liberty, or property without due process of law pursuant to the 14th Amendment to the United States Constitution and Michigan Constitution of 1963, Article 1, §17; and (c) the right not to be denied

the equal protection of the laws pursuant to the 14th Amendment to the United State Constitution and Michigan Constitution of 1963, Article I, §2; (d) the right to freedom of speech without retaliation pursuant to the 1st Amendment to the United States Constitution and Michigan Constitution of 1963, Article I, § 5; (e) the right to peaceably assemble pursuant to the 1st Amendment to the United States Constitution and Michigan Constitution of 1963, Article I, § 3.

44.    One or more of the named Defendants committed overt acts in furtherance of the conspiracy as set forth above in paragraph 1 through 43, whereby Plaintiffs were injured in his/her/their person or property, and/or deprived of having and exercising any right or privilege of a citizen of the United States.

45.    By so doing, the Defendants violated Plaintiffs' civil rights pursuant to 42 U.S.C. § 1985.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against all Defendants, jointly and severally, in an amount exceeding $75,000.00 for damages sustained as a result of Defendants' wrongful conduct, including costs, interest, and reasonable attorney fees.

## -COUNT III: UNJUST ENRICHMENT – QUANTUM MERUIT-
### (Defendants 1, 2, 3, 4, 5)

46.    Plaintiffs incorporate by reference paragraphs 1 through 45 as though fully realleged herein.

47.     Defendants Scott Hope, Matthew Miller, Great Lakes Civil Services, Inc., Scott Hope Execution Trust, and Peterson Towing, Inc. collected significant

sums of money and property from Jeffery Cunmulaj via the *Order to Seize Property* issued against him while the order remained effective, thereby receiving significant financial benefits.

48.     These Defendants had no business relationship or court judgment with or against Plaintiffs Jaime Cunmulaj and J.C. Pyrotechnics, Inc.

49.     Nevertheless, after collecting a significant amount of money and personal property from Jeffery Cunmulaj, these Defendants engaged in fraudulent, egregious, and deceptive practices to seize and convert personal property owned by Plaintiffs Jaime Cunmulaj and J.C. Pyrotechnics, Inc. to their own use and benefit although they had no lawful claim under the *Order to Seize Property* to same.

50.     Defendant Peterson Towing, Inc. knowingly assisted the above noted Defendants in wrongfully seizing, towing, and storing personal property that belonged to Plaintiffs to which no valid order to seize property could be relied upon as the *Order to Seize Property* issued against Plaintiff Jeffery Cunmulaj expired prior to Defendants' property seizure activities of July 19, 2023, and the order did not apply to Plaintiffs Jaime Cunmulaj and J.C. Pyrotechnics, Inc.

51.     Defendant Peterson Towing, Inc., thereby charged unjustified and unlawful towing and storage fees in order to financially benefit itself.

52.     It is inequitable to permit these Defendants to benefit from their own wrongful conduct and unjustly enrich themselves at the expense of Plaintiffs when they had no privity of contract or lawful seizures orders against Plaintiffs.

53.    Defendants' efforts at causing financial damage to Plaintiffs was done intentionally, in bad faith, and in a manner so as to unjustly enrich themselves at Plaintiffs' expense.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against Defendants 1-5, jointly and severally, in an amount exceeding $75,000.00 for damages sustained as a result of Defendants' wrongful conduct, including costs, interest, and reasonable attorney fees.

## -COUNT IV: FRAUDULENT MISREPRESENTATION-

## (Defendants 1, 2, 3, 4)

54.    Plaintiffs incorporate by reference paragraphs 1 through 53 as though fully realleged herein.

55.    Defendants Scott Hope, Matthew Miller, individually and by and through Defendants Great Lakes Civil Services, Inc. and Scott Hope Execution Trust, intentionally made false representations of material fact to Plaintiffs claiming they had a valid order to seize Plaintiff Jeffery Cunmulaj's personal property on July 19, 2023, when they did not.

56.    These Defendants also intentionally made false representations of material fact to Plaintiffs Jaime Cunmulaj and J.C. Pyrotechnics, Inc. and its employees claiming that they had a valid right to enter real property belonging to these Plaintiffs in order to seize property from them when they did not, thereby gaining unlawful entry to private premises through fraud and deceit.

57.    These Defendants' representations were false when they were made.

58.     These Defendants knew that their representations were false when they were made or, at the very least, made them recklessly without concern as to whether they were true.

59.     These Defendants intended that Plaintiffs rely on their false representations in order to fraudulently obtain entry into real property that they had no right to enter (on several occasions), and to fraudulently obtain personal property items from them without lawful authority, after Plaintiffs gave in to Defendants' demands and fraudulent representations out of fear for their own safety and welfare.

60.     As a result of these Defendants' fraudulent misrepresentations, Plaintiffs suffered substantial economic loss, property loss, diminishment of their good reputation in the community, and emotional distress.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against all Defendants 1-4 in an amount exceeding $75,000.00 for damages sustained as a result of Defendants' wrongful conduct, including costs, interest, and reasonable attorney fees.

## -COUNT V: TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS EXPECTANCY-

### (Defendants 1, 2, 3, 4)

61.     Plaintiffs incorporate by reference paragraphs 1 through 60 as though fully realleged herein.

62.     Defendants Scott Hope, Matthew Miller, individually and by and through Defendants Great Lakes Civil Services, Inc. and Scott Hope Execution

Trust, knew or should reasonably have known that Plaintiffs were engaged in lawful business endeavors, some of which involved contracts, contractual relationships, and business expectancies with other third-parties and/or entities in and around Wexford County.

63.    Despite having such knowledge, these Defendants intentionally interfered with the business relationships, contractual relationships, and/or business expectancy relationships that Plaintiffs had with third-parties and/or entities by engaging in purported "collection" activities against them in which they had no lawful authority by engaging in deceptive investigation activities despite Plaintiffs not having been the subject of a valid order to seize property, and by engaging in an ongoing effort starting on May 18, 2023 and continuing thereafter to damage Plaintiffs' good reputation in the community and undermine valid contractual relationships and business expectancies that Plaintiffs have had with third-parties.

64.    These Defendants have demonstrated bad faith and willful misconduct in seeking to damage Plaintiffs' valid business endeavors by engaging in such actions with no legal basis.

65.    These Defendants' tortious conduct has caused Plaintiffs substantial financial harm and economic losses, including significant loss of business.

66.    These Defendants' misconduct has caused irreparable injury to Plaintiffs, including substantial economic damages, loss of good standing in the community, impaired contractual relationships, and diminished earning capacity.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against Defendants 1-4 in an amount exceeding $75,000.00 for damages sustained as a result of these Defendants' wrongful conduct, including costs, interest, and reasonable attorney fees.

## -COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-
### (All Defendants)

67.    Plaintiff incorporates by reference paragraphs 1 through 66 as though fully realleged herein.

68.    All Defendants individually and/or collectively, engaged in extreme and outrageous conduct directed at Plaintiffs on or about May 18, 2023 and July 19, 2023, including but not limited to: (a) (Defendants 1-4) engaging in a deliberate, multi-faceted attack upon Plaintiffs' good character in their community in an effort to pressure them to pay on false claims; (b) (Defendants 1-4) repeatedly spreading lies and false information about Plaintiffs among people and business owners in the Wexford County community in an effort to wrongfully damage them financially and personally; (c) (Defendants 1-4) repeatedly making statements to third-parties in and around Wexford County to place Plaintiffs in a negative light so that others will not do business with them; (d) (Defendants 1-4) yelling at, lying to, harassing, and threatening Plaintiffs in the process of Defendants' collection efforts in such an egregious and oppressive manner as to violate standards of decency in the community; (e) (Defendants 1-4) gaining entry into the premise of J.C. Pyrotechnics, Inc. under false pretenses and through coercion on three separate occasions and

causing a disturbance to, and among, employees of J.C. Pyrotechnics, Inc. without lawful authority; (f) (Defendants 1-4) falsely imprisoning Plaintiff Jaime Cunmulaj and employees of J.C. Pyrotechnics, Inc., through false claims of lawful authority to do so; (g) unlawfully stealing the business records and other property of JC Pyrotechnics, Inc., without a lawful basis or due process of law; (h) unlawfully seizing, removing, and retaining the personal property of Plaintiffs Jaime Cunmulaj and J.C. Pyrotechnic, Inc. and other innocent third-parties without lawful authority or due process of law in order to cause them emotional distress; (i) (Defendants 5-7) wrongfully assisting, supporting, or aiding Defendants 1-4 in their unlawful property seizure efforts on July 19, 2023, despite Plaintiffs 1-2's property seizure orders having been expired and/or not applying to Plaintiffs' Jaime Cunmulaj and J.C. Pyrotechnics, Inc.

69.    Defendants' conduct, both individually and in concert, directed at Plaintiffs was extreme and outrageous, both in each isolated incident and as a malicious pattern of conduct.

70.    Defendants engaged in such outrageous conduct intentionally or with reckless disregard for the rights, health, and well-being of Plaintiffs.

71.    Defendants' conduct at and toward Plaintiffs has caused them severe emotional and psychological distress, humiliation, mortification, embarrassment, sleeplessness and anxiety, loss of reputation, exemplary damages, and other damages that may arise during the course of discovery and trial in this matter.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against all Defendants in an amount exceeding $75,000.00 for damages sustained as a result of Plaintiff/Counter-Defendant's wrongful conduct, including costs, interest, and reasonable attorney fees.

## -COUNT VII: INVASION OF PRIVACY - FALSE LIGHT-

## (Defendants 1, 2, 3, 4)

72.    Plaintiffs incorporate by reference paragraphs 1 through 71 as though fully realleged herein.

73.    Starting on or about May 18, 2023, and continuing through July 19, 2023 and thereafter, Defendants 1-4 made false statements about Plaintiffs to Defendants 5-7 and other individuals in the community that placed Plaintiffs in a false light among people in their community, creating a false impression that Plaintiffs had engaged in fraud, theft, or illegal conduct, when they had not.

74.    Defendants' communications were broadcast to the public in general and/or publicized to people in and around Wexford County, including business owners and other vendors that were entirely unrelated to Defendants' legitimate interests, such that Plaintiffs have suffered financial losses in their business endeavors since that date, as well as personal humiliation and embarrassment.

75.    Defendants' communications have placed Plaintiffs in a false light that would be highly offensive to a reasonable person and were so to each of them.

76.    Defendants had knowledge of, or acted in reckless disregard for the falsity of, the publicized matters and the false light in which Plaintiffs would be placed by Defendants' statements and course of malicious conduct.

77.    Defendants' malicious conduct toward Plaintiffs has caused them severe emotional and psychological distress, humiliation, mortification, embarrassment, sleeplessness and anxiety, loss of reputation, harm to his/her ability to carry out of their work, exemplary damages, and other damages that may arise during the course of discovery and the course of the trial in this matter.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against Defendants 1-4, in an amount exceeding $75,000.00 for damages sustained as a result of Defendants' wrongful conduct, including costs, interest, and reasonable attorney fees.

## -COUNT VIII: INVASION OF PRIVACY: INTRUSION ON SECLUSION-
## (Defendants 1, 2, 3, 4)

78.    Plaintiffs incorporate by reference paragraphs 1 through 77 as though fully realleged herein.

79.    Plaintiffs have the lawful right to keep their personal relationships and professional business matters private and secluded among themselves.

80.    However, Defendants 1-4 violated Plaintiffs' right to seclusion and privacy by engaging in unlawful search and seizure tactics at the residence of Jamie Cunmulaj, and the business location of JC Pyrotechnics Inc. on three or more occasions, and in and throughout the community at other friends and/or employees

residences by prying into private matters and searching private property to which Defendants had no legitimate interest or lawful right to enter.

81.    These Defendants invaded Plaintiffs' right to keep such matters secret by unreasonably and unlawfully intruding into Plaintiffs' private affairs through objectionable and unreasonable methods, some of which violated Plaintiffs' constitutional and civil rights pursuant to 42 U.S.C. §1983 and 42 U.S.C §1985.

82.    These Defendants' actions in intruding on Plaintiffs' right to privacy were highly offensive to Plaintiffs and would be highly offensive to a reasonable person in such position.

83.    These Defendants' conduct toward Plaintiffs has caused them severe emotional and psychological distress, PTSD, humiliation, mortification, embarrassment, sleeplessness and anxiety, various physical health complications, loss of reputation, harm to his ability to carry out of his/her profession, exemplary damages, and other damages that may arise during the course of discovery and the course of the trial in this matter.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against Defendants 1-4, in an amount exceeding $75,000.00 for damages sustained as a result of these Defendants' wrongful conduct, including costs, interest, and reasonable attorney fees.

## -COUNT IX: STATUTORY CONVERSION-

### (All Defendants)

84.     Plaintiffs incorporate by reference paragraphs 1 through 83 as though fully realleged herein.

85.     Plaintiffs Jamie Cunmulaj and JC Pyrotechnics Inc. were the lawful owners of certain personal property items, and business records, including but not limited to vehicles, business check records and stubs, employee time sheets, and other lawful business records of JC Pyrotechnics Inc.

86.      Plaintiff Jeffery Cunmulaj was the lawful owner of certain personal property items not subject to seizure under an *Order to Seize Property* including but not limited to vehicles, business and house keys, a knife and a case, credit cards, tools, tow hitches, tool box, prescription eye glasses, ammunition and gun clip, and two hand gun cases.

87.     Defendants 1-4 stole, embezzled, and/or converted Plaintiffs' personal property noted above on or about May 18, 2023 and/or July 19, 2023, to their own possession and use without compensating Plaintiffs for their losses, and by also charging Plaintiff Jeffery Cunmulaj improper towing and storage fees.

88.     Defendant 5-7 intentionally assisted, aided, or supported Defendants 1-4 in such conversion, or did so with a reckless disregard for the property rights of Plaintiffs.

89.     Plaintiffs have suffered significant inconvenience and financial harm as a result of the wrongful conversion by Defendants and may recover 3 times the

amount of actual damages sustained, plus costs and reasonable attorney fees
pursuant to MCL 600.2919a.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter
judgment against all Defendants in an amount exceeding $75,000.00 for damages
sustained as a result of these Defendants' wrongful conduct, including costs,
interest, and reasonable attorney fees.

### -COUNT X: STALKING & HARASSMENT-

### (Defendants 1, 2, 3, 4)

90.    Plaintiffs incorporate by reference paragraphs 1 through 89 as though
fully realleged herein.

91.    On or about May 18, 2023 and July 19, 2023 and thereafter,
Defendants 1-4 engaged in unlawful stalking behavior directed at all Plaintiffs.

92.    Michigan Compiled Laws §750.411h defines "stalking" as: "a willful
course of conduct involving repeated or continuing harassment of another individual
that would cause a reasonable person to feel terrorized, frightened, intimidated,
threatened, harassed, or molested and that actually causes the victim to feel
terrorized, frightened, intimidated, threatened, harassed, or molested."

93.    The Revised Judicature Act of 1961 provides that a private civil action
may be maintained against individual(s) who engage in stalking behavior against
another individual(s) pursuant to Michigan Compiled Laws §600.2954.

94.    The "Stalking" statute defines actionable "harassment" as "conduct
directed toward a victim that includes, but is not limited to, repeated or continuing

unconsented contact that would cause a reasonable individual to suffer emotional distress and that actually causes the victim to suffer emotional distress."

95.    Defendants 1-4, by and through their tortious conduct as set forth in paragraphs 1 through 94, engaged in actionable stalking by unlawfully harassing Plaintiffs on at least 5 different occasions on or about May 18, 2023 and July 19, 2023 and thereafter, without lawful authority and in violation of Plaintiffs' legal, civil and constitutional rights.

96.    These Defendants' egregious stalking behavior caused Plaintiffs several emotional distress and would cause a reasonable individual to suffer such emotional distress.

97.     These Defendants' stalking behavior has caused Plaintiffs damages, and the egregious nature of Defendants' actions justifies an award of exemplary damages and attorney fees pursuant to MCL 600.2954(1).

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against Defendants 1-4 in an amount exceeding $75,000.00 for damages sustained as a result of these Defendants' wrongful conduct, including exemplary damages, costs, interest, and reasonable attorney fees.

### -COUNT XI: PUNITIVE DAMAGES-

(Defendants 1-4)

98.    Plaintiffs incorporate by reference paragraphs 1 through 97 as though fully realleged herein.

99.    The acts of Defendants 1-4 were willful and malicious in that Defendants' conduct was carried out with a conscious disregard for the rights, safety, and health of Plaintiffs and constituted direct attacks upon them.

100.    Defendants' conduct thereby warrants an award of punitive and/or exemplary damages against each Defendant 1-4 in an amount appropriate to punish their willful and intentional behavior to make an example of them.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter judgment against Defendants 1-4 and an award of punitive or exemplary damages, costs, interest, and reasonable attorney fees.

## -DAMAGES-

Plaintiffs have sustained a variety of damages as a result of Defendants' wrongful and tortious conduct, including but not limited to:

(A) Compensatory Damages

(B) Out-Of-Pocket Costs

(C) Loss of Earning Capacity

(D) Consequential Damages

(E) Replacement Damages

(F) Lost Business Opportunity Damages

(G) Loss of Consortium

(H) Pain and Suffering Damages

(I) Humiliation, Embarrassment, and Mortification

(J) Exemplary Damages

(K) Punitive Damages

(L) Statutory Conversion Damages

(M) Attorney Fees

(N) Statutory Interest

(O) Costs

(P) Equitable and/or Injunctive Relief


Respectfully submitted,


Date: July 18, 2025            /s/ James E. R. Fifelski
                               JAMES E. R. FIFELSKI (P65148)
                               Attorney for All Plaintiffs
                               2723 South State St, Suite 150
                               Ann Arbor, MI 48104
                               734-726-0225
                               james@annarborslawyer.com


## JURY DEMAND

NOW COME Plaintiffs, JEFFERY CUNMULAJ, JAIME CUNMULAJ, and J.C. PYROTECHNICS, INC, by and through their attorney, James E. R. Fifelski, and hereby demand trial by jury on all issues so triable herein.


Respectfully submitted,


Date: July 18, 2025            /s/ James E. R. Fifelski
                               JAMES E. R. FIFELSKI (P65148)
                               Attorney for All Plaintiffs
                               2723 South State St, Suite 150
                               Ann Arbor, MI 48104
                               734-726-0225
                               james@annarborslawyer.com